IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINH TRAN,

        Plaintiff,

    v.

THE STANDARD FIRE INSURANCE
COMPANY,

        Defendant.

Case No. 26-cv-934-SI

**ORDER**

**Michael H. Simon, District Judge.**

Plaintiff Minh Tran is an automobile insurance policyholder with Defendant, The Standard Fire Insurance Company ("Standard"). His policy includes coverage for collisions with uninsured motorists ("UM insurance"). On May 26, 2024, an underinsured driver negligently changed lanes and hit Tran. Tran timely submitted a proof-of-loss claim to Standard, which has not yet paid the claim. Tran then filed this lawsuit against Standard in Multnomah County Circuit Court, alleging that Standard uses business practices designed to undervalue and underpay insurance claims and that those practices were undisclosed to Tran when he contracted for the insurance policy. Standard removed the case to federal court. *See* ECF 1. Now before the Court is Standard's motion to dismiss Plaintiff's first and third claims for relief. ECF 6. For the reasons stated below, the Court grants the motion.

PAGE 1 – ORDER

Plaintiff's first claim is "negligence of uninsured driver." ECF 1-1 ("Compl.") at 3. Tran asserts that, although he settled with the liable driver for $50,000, the driver's insurance policy was not sufficient to compensate him for his extensive injuries. Tran therefore seeks to recover his remaining economic and non-economic damages from Standard in a negligence action. As Standard concedes, Tran's claim "may be cognizable pursuant to [his] second claim for relief asserting a breach of contract." ECF 6 at 4. Standard argues, however, that the "contract does not give rise to tort liability for the underlying accident." *Id.* (quoting *Moody v. Or. Comm. Credit Union*, 371 Or. 772, 779 (2023) ("Contract and tort claims are conceptually different and provide remedies for breach of conceptually different obligations")). The Court agrees that Tran's complaint does not plausibly allege negligence on Standard's part associated with the accident and that these injuries, if compensable, are better addressed under the parties' contract. Because Standard had no "responsible involvement" with the accident, it cannot "be found negligent for its occurrence," and the claim must be dismissed. *Fortney v. Crawford Door Sales Corp. of Or.*, 97 Or. App. 276, 280 (1989); *see also Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (defendant's conduct must create unforeseeable risk of harm).

Plaintiff's third claim is for "unfair insurance practices, negligent claims handling, [and] emotional distress." Compl. at 8. To state a negligence claim under Oregon law, a plaintiff must prove "that defendant engaged in conduct that 'unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff.'" *Moody*, 371 Or. at 783 (quoting *Fazzolari*, 303 Or. at 17). Individuals generally do not have a protected interest in being free from emotional distress. *Id.* at 784. However, Oregon permits recovery for emotional distress in limited circumstances including, for example, "when the defendant 'negligently causes

PAGE 2 – ORDER

foreseeable, serious emotional distress and also infringes some other legally protected interest.'" *Id.* (quoting *Philibert v. Kluser*, 360 Or. 698, 702 (2016)).

Plaintiff relies on Oregon Revised Statutes ("ORS") 746.230, which forbids unfair claims settlement practices, as the statutory basis for his legally protected interest. In *Moody*, the Oregon Supreme Court considered whether a life insurance beneficiary stated a cognizable negligence claim for emotional distress damages based on a first-party life insurer's alleged violation of ORS 746.230(1)(d) and (f) for failure to reasonably investigate and pay her claim for policy benefits. 371 Or. at 776. To evaluate whether the beneficiary asserted a legally protected interest sufficient to recover emotional distress damages, the Court outlined several factors. *Id.* at 790-804. Balancing the factors, the Court concluded that "the insurance claim practices that ORS 746.230 requires and the emotional harm that foreseeably may occur if that statute is violated are sufficiently weighty to merit imposition of liability for common-law negligence and recovery of emotional distress damages." *Id.* at 805; *see Dailey v. Univ. of Portland*, 340 Or. App. 80, 91 (2025) (explaining that *Moody* concluded that "the plaintiff had stated an actionable negligence claim for emotional distress damages" based on the "premise that the statute on which the plaintiff relied reflected a legislative intent to protect the plaintiff's peace of mind")).

Although several courts have extended *Moody* to negligence claims against insurers outside of the life insurance context, *Moody* does not apply to UM coverage. As another Judge in this District recently remarked, "the Court is not aware of—and the parties do not cite—any case that has addressed whether *Moody* extends to value disputes, as alleged here, involving UM insurance—a type of insurance that implicates a different and somewhat conflicting statutory scheme." *Hayter v. Travelers Indemnity Co.*, 793 F. Supp. 3d 1283, 1292 (D. Or. 2025). Unlike in other forms of first-party insurance, a UM insurer "'stands in the shoes' of the uninsured or

the underinsured motorist," *Koenig v. State Farm Mut. Auto. Ins. Co.*, 315 Or. App. 28, 44 (2021), and the insurer's liability is "dependent on the fault of the uninsured or underinsured motorist," *Robinson v. Tri-County Metro. Transp. Dist. of Or.*, 277 Or. App. 60, 65 n.7 (2016). For at least three reasons, this renders UM coverage meaningfully different than the other first-party insurer contexts for which Oregon courts have extended *Moody*'s holding regarding emotional distress damages.

First, Oregon law places the UM insured and UM insurer in an adversarial posture. Although "[t]he relationship between the parties is not, of course, determinative" in determining whether emotional distress damages are recoverable from an insurer, it is a large part of the analysis. *See Moody*, 371 Or. at 803. The UM statutory scheme expressly contemplates that a dispute as to the value of a claim may be resolved through arbitration. *See* ORS § 742.504(1)(a) (in the "event of disagreement," the amount "may be determined by arbitration as provided in subsection (10) of this section"). And a UM insured is only entitled to recover what he otherwise would be "legally entitled to recover as damages from the other driver," ORS § 742.504(1)(a), which Oregon law defines as the amount the insured "could have recovered in a civil action from the owner or operator [of the underinsured vehicle] at the time of the injury after determination of fault or comparative fault and resolution of applicable defenses," ORS § 742.504(2)(j)(A). A UM insured, with advance knowledge of this adversarial setup, does not have a "legally protected interest" in the UM insurer accepting its valuation of an accident, and rather should foresee that the UM insurer will dispute the valuation as if it was the insurer of the other motorist.

Second, unlike the life insurance at issue in *Moody*, UM coverage does not promise an immediate payment of a specific sum of money. "[T]he purpose of UM coverage [is] to place the

PAGE 4 – ORDER

injured policyholder in the same position as if the tortfeasor had had liability insurance"—that is, to give the policyholder the peace of mind that they will have coverage in any automobile accident. *See Vogelin v. Am. Family Mut. Ins.*, 346 Or. 490, 501 (2009). The UM policyholder knowingly accepts the burden of proving the value of their UM claim to their provider; the same burden that would apply if the other motorist were insured. Thus, where a UM insurer does not dispute the existence of coverage, and instead the dispute relates to the amount of benefits due, the insured's peace of mind and contractual benefits are not threatened. *See Dailey*, 340 Or. App. at 91.

Third, a UM claim occurs only after the insured has recovered at least the full policy limits of the other driver. *See* ORS § 742.504(4)(d). Thus, unlike the insured in *Moody* who waited for life insurance benefits with no compensation in the interim, a UM insured in a value dispute with their insurer is often not left entirely without recovery for their injuries. Here, Plaintiff already recovered $50,000 from the other driver. Compl. ¶ 15. For these reasons, he has failed plausibly to allege the existence of a legally protected interest and the third claim for relief must be dismissed. Claims 1 and 3 must be dismissed, because they fail as a matter of law.

The Court GRANTS the motion to dismiss claims 1 and 3 (ECF 6).

**IT IS SO ORDERED.**

DATED this 12th day of August, 2026.

/s/ *Michael H. Simon*  
Michael H. Simon  
United States District Judge

PAGE 5 – ORDER